[25 NYS3d 899]

In the Matter of THOMAS ALAN BLUMENTHAL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 9, 2016

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was censured by order of the New Jersey Supreme Court filed July 15, 2015 (*In re Blumenthal*, 222 NJ 25, 117 A3d 175 [2015]). The facts in the New Jersey disciplinary proceeding were presented as follows: The respondent represented both the buyer and the seller in a real estate transaction on March 9, 2004, without disclosing the conflict to the parties or receiving written consent from them for the dual representation. The respondent had represented the buyer over the course of 25 years, predominantly in real estate matters. In the transaction at issue, the buyer purchased the seller's redemption rights to her mortgage at a time when the seller was about to lose her home to foreclosure. The buyer agreed to allow the seller to remain in the house for a short time, to pay some of the seller's bills, and to eventually help her to move. The respondent admittedly represented the seller after the transaction. Specifically, he helped her recover some monies from her prior attorney, drafted a will for her with a health care proxy, and addressed issues she had with her son, including removing the son from her house and, ultimately, cutting off all ties with him.

In June 2009, the seller commenced a malpractice action against the respondent. In the course of discovery, the respondent knowingly concealed the name of his malpractice insurance carrier from the seller's counsel and was untruthful in his discovery responses. The respondent admitted to the New Jersey ethics committee investigating his misconduct that he wrongfully failed to produce his malpractice policy information and to timely file a notice of claim with his malpractice insurance carrier.

By virtue of the foregoing, the New Jersey ethics committee charged the respondent with: (1) engaging in a conflict of interest in violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.7; (2) unlawfully obstructing another party's access to evidence in violation of RPC rule 3.4 (a); and (3) knowingly disobeying an obligation under the rules of a tribunal in violation of RPC rule 3.4 (c). The Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the DRB), in a decision dated March 26, 2015, found that the record contained clear and convincing evidence to support the charges of unethical conduct. The DRB determined that a censure was warranted in light of the respondent's conduct

even though, under similar circumstances, only a reprimand would be imposed, because, in addition to engaging in a conflict of interest, the respondent also disobeyed an obligation under the rules of a tribunal and obstructed the access of another party to evidence. As an aggravating factor, the DRB considered the respondent's pattern of making false statements and half-truths in response to interrogatories and at his deposition, during the course of the malpractice action. In mitigation, the DRB considered the respondent's otherwise exemplary disciplinary records in New York and New Jersey.

By order filed July 15, 2015, the Supreme Court of New Jersey censured the respondent, and also directed him to reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of the matter.

The Grievance Committee for the Tenth Judicial District, with the respondent's consent, served the respondent on August 14, 2015, by mail, with a notice pursuant to 22 NYCRR 691.3, and filed the respondent's receipt of service, dated August 17, 2015, with this Court. More than 20 days have elapsed since service of the notice, and the respondent has neither filed a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Under the totality of the circumstances, the Grievance Committee's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted, and the respondent is publicly censured in New York.

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the petitioner's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Thomas Alan Blumenthal, is publicly censured.